JEFFREY T. LAROSA, ESQ.
SCHENCK, PRICE, SMITH & KING, LLP
220 Park Avenue, P.O. Box 991
Florham Park, NJ  07932
Phone No. (973) 539-1000
Fax No.  (973) 540-7300
Email: JTL@SPSK.com
*Attorneys for Defendants, Millennium Telecard, Inc., Millennium Tele Card, LLC, Colleccion Latina, Inc., also d/b/a Conexion Latina, LLC, and Go Mobile, Inc., Telecard Center USA, Inc., and Fadi Salim, individually and as an officer of Millennium Telecard, Inc., Millenium Tele Card, LLC, Colleccion Latina, Inc., and Telecard Center USA, Inc.*

| | | |
|---|---|---|
| **FEDERAL TRADE COMMISSION,** | : | |
| | : | *Civil Action* |
| Plaintiff, | : | |
| | : | **THIRD PARTY COMPLAINT** |
| v. | : | |
| | : | |
| MILLENNIUM TELECARD, INC., MILLENNIUM TELE CARD, LLC, COLECCION LATINA, INC., ALSO d/b/a CONEXION LATINA, LLC and GO MOBILE, INC., TELECARD CENTER USA, INC., and FADI SALIM, individually and as an officer of MILLENNIUM TELECARD, INC., MILLENNIUM TELE CARD, LLC, COLECCION LATINA, INC. and TELECARD CENTER USA, INC., | : : : : : : | **Civil Action No. 11-2479 (JLL)** |
| Defendants. | : | |
| and | : | |
| MILLENNIUM TELECARD, INC. and MILLENNIUM TELE CARD, LLC, COLECCION LATINA, INC., ALSO d/b/a CONEXION LATINA, LLC and GO MOBILE, INC., TELECARD CENTER USA, INC., and FADI SALIM, individually and as an officer of MILLENNIUM TELECARD, INC., MILLENNIUM TELE CARD, LLC, COLECCION LATINA, INC. and TELECARD CENTER USA, INC., | : : : : : : | |
| Defendant/Third Party Plaintiffs, | : | |

{01170916.DOC;1 }

v.

MOX TELECOM AMERICA CORP.,
MOX TELECOM, A.G., SUNCOAST
TECHNOLOGY, INC., and ABC and XYZ
SERVICES PROVIDERS, INC., (fictitious
names)

        Third Party Defendants.

Defendants/Third Party Plaintiffs, Millennium TeleCard, Inc. and Millennium Tele Card, LLC, Coleccion Latina, Inc., also d/b/a Conexion Latina, LLC and Go Mobile, Inc., Telecard Center USA, Inc. and Fadi Salim, individually and as an officer of Millennium Telecard, Inc., Millennium Tele Card, LLC, Coleccion Latina, Inc. and Telecard Center USA, Inc., (collectively "MTC"), by way of Third Party Complaint against Third Party Defendants, say:

## VENUE & JURISDICTION

This Court has supplemental jurisdiction over this Third Party Complaint and third party defendants pursuant to 28 U.S.C. § 1367.

## FIRST COUNT

1. MTC is in the business of marketing prepaid telephone calling cards.

2. The calling time which is accessible to a purchaser of a MTC calling card is provided by third party service providers. Service providers are in control of and responsible for: the electronic handling or transmission of calls placed by cardholders; tracking calling time; imposing fees or costs that reduce calling time; depleting remaining time on a calling card; advising cardholders of the amount of calling time available at the beginning of a call and the amount of time remaining at the end; disconnecting a call

when calling time has expired and/or addressing and/or resolving consumer complaints about service. All of those functions, activities and responsibilities are within the control of the service providers.

3. Third Party Defendants Mox Telecom America Corp., Mox Telecom A.G., (collectively Mox), Suncoast Technology, Inc., ABC and XYZ Service Providers, Inc. (fictitious names) were service providers on prepaid calling cards marketed by MTC.

4. Upon information and belief, Mox Telecom America Corp. is a corporation of unknown domicile and has a principal place of business located at 550 Sylvan Avenue, Suite 100A, Englewood Cliffs, New Jersey 07632.

5. Upon information and belief, third party defendant, Mox Telecom, A.G. is a German corporation having a principal place of business at Bahnstrasse, 43-45 40878 Ratingen, Germany.

6. Third party defendant, Suncoast Technology, Inc. is a corporation of unknown domicile, having its principal place of business at 1844 N. Nob Hill Road, Suite 450, Plantation, Florida.

7. It was MTC's marketing practice to introduce a new, branded calling card, such as the Pan Caliente or Limon cards referenced in the FTC's Complaint, to the market approximately once per month. In introducing a new calling card, MTC would design artwork/logos that would identify the card and which would appear on promotional point of sale advertising. MTC would also include on its promotional point of sale advertising the amount of minutes which the calling card would provide to various calling destinations (foreign countries) and the various fees and charges associated with the use of the card.

8. For any calling card which MTC was intending to introduce to the market and on which one of the third party defendants would be the service provider, MTC would obtain a "program" whereby the third party defendant would state the number of minutes available to various calling destinations for various card denominations ($2, $5, $10). The "program" which MTC would receive would also identify various fees and charges which would be imposed by the third party defendant which would reduce the available calling time on a card.

9. Any and all representations made by MTC on promotional literature for calling cards on which one of the third party defendants was the service provider were based exclusively upon statements and information which MTC received from the third party defendant service provider before the new card was introduced to the market. Such representations included, without limitation, the number of minutes or calling time a card would provide to various destinations and the fees and or charges that might be imposed. MTC did nothing more and nothing less than to represent and advertise to potential consumers what the third party defendants represented to MTC.

10. As service providers, third party defendants were responsible for the electronic handling or transmission of calls placed by cardholders. Third party defendants controlled the voice prompt which advised a calling card user how much calling time was available at the beginning of a call. Third party defendants controlled and assessed fees and charges which reduced the amount of calling time available on a calling card. Third Party Defendants tracked calling time on a given card, depleted the calling time available on the card and terminated calls in progress if the time available on a card was exhausted.

11. While MTC has denied the FTC's allegations that its calling cards failed to provide consumers with the advertised or "promised" calling time to a given destination, to the extent that any MTC cards on which third party defendants were the service provider did, in fact, fail to deliver to the consumer the advertised or "promised" amount of calling time, such failure, whether intentional or otherwise, was directly and proximately caused by the acts and/or omissions of third party defendants insofar as they had complete control over the amount of calling time available on and actually delivered by any given calling card.

12. While MTC denies the FTC's allegations that consumers were injured, any economic loss or other injury to consumers resulting from a failure of the card to deliver the advertised or "promised" calling time was directly and proximately caused by the acts and/or omissions of the third party defendant service provider for that card because third party defendants had complete and total control over the calling time initially available on a card, fees imposed, accuracy of voice prompts and the total amount of calling time a card actually delivered.

13. While MTC denies the FTC's allegations that calling cards on which third party defendants were service providers failed to deliver promised or advertised minutes, MTC's liability for the alleged misrepresentations, deceptive acts and/or economic injuries sustained by consumers which are the subject of the FTC's complaint is purely passive, secondary and vicarious compared to the active and primary culpability of third party defendants who are liable to MTC for any and all sums which MTC may be required to pay in this action as a result of the sale of calling cards on which one of the third party defendants was the service provider. Thus, third party defendants are liable to

MTC, by way of common-law indemnification for any and all sums which MTC may be required to pay in this action.

WHEREFORE, MTC demands judgment, by way of indemnification against third party defendants, Mox Telecom America Corp., Mox Telecom, A.G., Suncoast Technology, Inc., ABC and XYZ Service Providers, Inc. (fictitious names), for any and all sums which MTC may be required to pay in this action, together with interest, attorneys' fees, costs of suit and any other relief the Court deems just and proper.

## SECOND COUNT

1.  MTC repeats the allegations of the preceding Count as if set forth at length herein.

2.  Although MTC denies any liability whatsoever for the damages alleged by the FTC, MTC nevertheless asserts that any and all injuries and damages alleged by the FTC were directly and proximately caused by the fault of third party defendants Mox Telecom America Corp., Mox Telecom, A.G., Suncoast Technology, Inc., ABC and XYZ Service Providers, Inc. (fictitious names), and demands contribution pursuant to the Joint Tortfeasor's Contribution Act, N.J.S.A. 2A:53A-1, et seq. and the Comparative Negligence Act, N.J.S.A. 2A:15-5.2 from third party defendants for their proportionate share of any and all sums that MTC may be required to pay in this action.

WHEREFORE, MTC demands judgment for contribution from third party defendants against Mox Telecom America Corp., Mox Telecom, A.G., Suncoast Technology, Inc., ABC and XYZ Service Providers, Inc. (fictitious names), together with interest, attorneys' fees, costs of suit and any other relief the Court deems just and proper.

## THIRD COUNT

1. MTC repeats the preceding allegations of the Third Party Complaint as if set forth at length herein.

2. The third party defendants' "programs" constituted a contract with MTC whereby third party defendants agreed or promised to provide certain numbers of minutes to various calling destinations depending upon the denomination of the calling card.

3. While MTC denies the FTC's allegations that its calling cards failed to deliver the "promised" or represented amount of calling time, if, in fact, MTC calling cards on which a third party defendant was the service provider failed to deliver the number of minutes represented on MTC's promotional literature, such failure, as described above, was exclusively the result of the acts and/or omissions of third party defendants and constitutes a breach of their respective contracts with MTC.

4. In the event that MTC is required to pay any sums to the FTC in this action because calling cards on which one of the third party defendants was the service provider failed to deliver the promised and/or advertised calling time, such liability of MTC to the FTC is the direct and proximate result of the breach by third party defendants of their respective agreements with MTC.

WHEREFORE, MTC demands judgment against each third party defendant for compensatory and consequential damages including, without limitation, any sums which MTC may be required to pay to the FTC in this action because a calling card on which a third party defendant was the service provider failed to actually deliver to a consumer the

number of minutes which MTC contracted for, together with an award of interest, attorneys' fees, costs of suit and any other relief the Court deems just and proper.

## FOURTH COUNT

1. MTC repeats the preceding allegations of the Third Party Complaint as if set forth at length herein.

2. While MTC denies the FTC's allegations that its calling cards failed to deliver the number of minutes represented, if any calling cards on which a third party defendant was the service provider failed to deliver to a consumer the number of minutes represented by MTC, any such failure was the result of that third party defendant's misrepresentations to MTC in its program and/or its contract with MTC as to the amount of calling time a card would deliver.

3. Any damages which MTC may be required to pay to the FTC in this action as a result of calling cards on which a third party defendant was the service provider are a direct and proximate result of that third party defendant's misrepresentations to MTC.

WHEREFORE, MTC demands judgment against each third party defendant for compensatory and consequential damages including, without limitation, any sums which MTC may be required to pay to the FTC in this action because a calling card on which a third party defendant was the service provider failing to actually deliver to a consumer the number of minutes which third party defendant represented to MTC such card would deliver, together with an award of interest, attorneys' fees, costs of suit and any other relief the Court deems just and proper.

## JURY DEMAND

Defendants hereby demand a jury trial as to all issues so triable.

## LOCAL RULE 11.1 CERTIFICATION

The undersigned hereby certifies that this case is not the subject of any other action pending in any court, arbitration or administrative proceeding.

## CERTIFICATION

The undersigned hereby certifies that this Pleading was filed and served within the time period prescribed by the Federal Rules of Civil Procedure as duly extended.

Dated: Florham Park, New Jersey

July 8, 2011

SCHENCK, PRICE, SMITH & KING, LLP

_____
Jeffrey T. LaRosa
220 Park Avenue
PO Box 991
Florham Park, Jersey 07932-0991
(973) 539-1000
Attorneys for Defendants